UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT AT BRIDGEPORT

| | |
|---|---|
| HARVEY LAPAN<br><br>PLAINTIFF, PRO'SE<br><br>-V-<br><br>UNITED STATES OF AMERICA<br><br>MERRICK B. GARLAND<br><br>U.S. ATTORNEY GENERAL, ON BEHALF OF THE U.S. DEPARTMENT OF JUSTICE FOR THE DRUG ENFORCEMENT ADMINISTRATION<br><br>RESPONDENT SUPERIOR | CIVIL CASE NO. 3:21cv1400(VAB)<br><br>**CIVIL COMPLAINT**<br><br>**FOR UNLAWFUL CONVERSION AND**<br><br>**RECOVERY** |

## PARTIES

Respondent Superior, for

the Defendant's et'al:

The Hon.Merrick B. Garland

U.S. Attorney General, for the U.S. Department of Justice

950 Pennsylvania Avenue

Washington, DC 20530-0001

On behalf of

Drug Enforcement Administration

The Plaintiff, Pro'se

Harvey Lapan

Wyatt Detention Facility

950 High Street

Central Falls, RI 02863

RE:

"United States of America"

-V-

"Harvey Lapan"

United States District Court

District of Connecticut at Bridgeport

Criminal Docket # 3:20-mj-00703-WIG

Hon. (Victor A. Bolden, J ;)

(1)

PLAINTIFF'S STATEMENT OF FACTS
====

1. This civil action is a claim, or claim(s), that the government through the Drug Enforcement Administration caused, and are responsible for, the "unlawful conversion" of the plaintiff's assets and property in the aggregate value of ($              ) and that said "unlawful conversion" was done "outside of the law" in a reckless, deliberate, and wonton disregard to the legal statutory mandates of the "Criminal Asset Forfeiture Program" promulgated under 21 USC, s1602-1619, 18 USC s, 983, and 28 C.F.R. parts 8 and 9, under which the defendant's knew or should of known, required affording the plaintiff of procedural due process by required "due notice" entitled ("**NOTICE OF SEIZURE OF PROPERTY AND INITIATION OF ADMINISTRATIVE FORFEITURE PROCEEDINGS**") to be served within 120 days of said seizure upon the plaintiff –(hereto as said criminal defendant)- so as to provide the plaintiff required due process of law and right to challenge and appeal said seizure and forfeiture by way of "A PETITION for Remission or Mitigation" which pardons all or part of the property from forfeiture, and/or to provide for further judicial review and judgment.

2. The facts and evidence will show that the DRUG ENFORCEMENT ADMINISTRATION at a time unknown to the plaintiff, the plaintiff's attorney, nor the court, without timely due notice, thereto without cause or jurisdiction, arbitrarily and summarily seized and/or disposed of, by and through an otherwise unlawful forfeiture of the plaintiff's assets and property (as described and identified below)

        1. 1.3015663 Bitcoin Approx. Value $14,719.92 or Fair Market Value Current
        2. 7.38000000 Ethereum Approx. Value $3,823.15 or Fair Market Value Current
        3. 675.00000000 Ethereum Classic Approx. Value $4,547.14 or Fair Market Value Current
        4. Robin Hood Financial Acct # 2654 Approx. Value $112,717.49 or Fair Market Value
        5. Etrade Financial Corp Acct # 0232 Approx. Value $958.83 or Fair Market Value Current
        6. Bank of America Acct # 8980 Approx. Value $60,402.90 Plus Interest

All ASSET VALUES SHOWN ARE REFLECTIVE OF THE VALUES AT THE TIME OF SEIZURE AND DO NOT REFLECT THEIR CURRENT FAIR MARKET VALUE CLAIMED AND DUE the PLAINTIFF.

3. The facts and evidence will otherwise show, that the DRUG ENFORCEMENT ADMINISTRATION seized and forfeited the plaintiff's assets and property as identified a foregoing in (Page 2 , par. 2 , (1)(2)(3)(4) without due notice to anyone, seemingly In Secret," In The Dead Of Night ", and withheld the facts and act of said seizure for ( 13 ) months, until the very last minutes of the plaintiff's criminal proceedings when the government all of a sudden mentions and admits to said (otherwise unlawful) seizure and forfeiture,) by inserting compulsory language, forcing the plaintiff to waive any claims to said unlawful forfeiture and further waiving and releasing the government of its own liability for its own legal misconduct by said unlawful seizure and forfeiture, as a "Mandatory" and thereby Coercive "Condition WITHIN" his criminal "PLEA AGREEMENT" under explicit and implicit threat of the governments withdrawal of his plea and the severe consequence(s) of increased incarceration and greater criminal penalties.

4. The facts and evidence will show that the government knew of, acknowledged, and lawfully followed the rule of law and provided the plaintiff required procedural due process at the beginning of his criminal prosecution and criminal proceedings back in (August 2020). When (2) months later, on (October 21, 2020) (October 22, 2020), and (October 23, 2020) the DRUG ENFORCEMENT ADMINISTRATION seized (8) separate assets and/or property of the plaintiffs, and acted in compliance with statutory mandates set forth under 21 USC s,881, 19 USC s,1602-1619, 18 USC s983, and 28 C.F.R. 8 and 9, by so serving the plaintiff through counsel, a required due "notice of seizure and forfeiture" and did provide the plaintiff the required procedural due process of law governing such seizure and forfeiture (see attached copies). So, therefore, the government agents (The U.S. DRUG ENFORCEMENT ADMINISTRATION) previously knew what the law required of them when they subsequently secretly, without notice, seized and forfeited the plaintiff's additional assets and property, without providing for required due process.

5. That the government is trying to "get away" with their unlawful conduct by surprise, at the last minute, by a sudden acknowledgement of such seizure and forfeiture by "slipping" it into the plaintiff's criminal plea agreement and in so doing, forcing the plaintiff to release the government from their own legal liability for their own legal misconduct and knowing violation of the law.

6. That pursuant to the promulgated policy provisions of the "Criminal Asset Forfeiture Program" administered by the DRUG ENFORCEMENT ADMINISTRATION (the defendants) are under further mandates set forth in 21 USC s, 881, 19 USC s, 1602-1619, 18 USC s, 983, and C.F.R. parts 8 that Both the defendant's and the plaintiff are beholding to and are subject to the

procedural due process provisions and timely limitations set forth therein, and therefore, (if) the plaintiff is found to have (FAILED) to (TIMELY) challenge the seizure and forfeiture of his property (within 30 days as prescribed by law) 21 USC s, 881, he is thereby TIME-BARRED and consequently is found to have "WAIVED HIS RIGHT TO DO SO", then it is equally incumbent upon and must be EQUALLY APPLIED TO THE DEFENDANTS to also follow and adhere to the same statutory timely limitations when seizing said property which requires a "timely notice" with 120 days of said seizure and forfeiture, where here in this case the defendants completely and knowingly failed in their own timely limitations, Accordingly (that failure) must now serve as a WAIVER and FORECLOSE the Defendant's right to the seizure and forfeiture in the first place and accordingly find they acted outside the rule of law, without cause or jurisdiction and deprived the plaintiff of his required due process.

7. The facts and evidence will further show that the individual assets and property unlawfully seized by the defendant's as they are described and identified in the a foregoing (paragraph 2. Pare 2. (1)(2)(3)(4), were never acquired or obtained with the proceeds or (monies) from the plaintiff's alleged criminal activity or any alleged fruits of a criminal enterprise, but in fact predate his criminal conduct as alleged in the governments indictment by in some cases 6-7 years or more , and include assets and property acquired from the proceeds of a personal injury civil lawsuit settlement, past wages and earnings, and a personal loan that long predates the plaintiff's criminal conduct and had nothing to do with it. Therefore, the government never had any lawful, or factual, cause and jurisdiction to seize those assets in the first place.

## PLAINTIFF'S PRAYERS FOR RELIEF

1. The plaintiff moves for **INJUNCTIVE RELIEF** in the form of AN ORDER upon the government and it's forfeiture agent, the U.S. DRUG ENFORCEMENT ADMINISTRATION, to return FORTHWITH, (all) each and every asset and property(s) of the plaintiff, as described and identified in this complaint found on (page 2. Par. 2 par (1)(2)(3)(4), and as further identified and described by the government within the government's "Draft Plea Agreement" and "Amended Plea Agreement" of the plaintiff's underlying criminal prosecution, as the true item at the time of said unlawful seizure, and in the form of the actual true physical asset thereof.

2. For full **COMPENSATORY DAMAGES** (if) it is found that the government through it's forfeiture agent to wit: The U.S. DRUG ENFORCEMENT ADMINISTRATION have already converted, disposed of, or benefitted from the forfeiture of the plaintiff's assets and property subject to this complaint, where as those damages shall be defined as fixed at, and in the financial assessment by expert of their CURRENT FAIR MARKET VALUE, to make the plaintiff (WHOLE) so as to compensate the plaintiff for what financial benefit, right and enjoyment, he would have otherwise realized (if) the government had otherwise not unlawfully seized and disposed of his assets in the first place, the true amount to be determined by a judgment of this court, by a court's appointed expert appraiser.

3. Appointment of counsel to the plaintiff

4. Appointment of an expert asset appraiser

5. Such other and further relief and punitive damages that seem meet and just by this court.

Dated: OCTOBER 18, 2021

Respectfully submitted by plaintiff pro'se

Harvey Lapan
Wyatt Detention Facility
950 High Street
Central Falls, RI. 02863

## AFFIRMATION

( I ) Harvey Lapan, Plaintiff Pro'Se, Hereby Affirm the aforegoing facts and claims to be true and accurate under pains and penalties of perjury; This 18TH Day of OCTOBER 2021:

Harvey Lapan, Plaintiff Pro'Se